# UNITED STATES BANKRUPTCY COURT
# DISTICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re:<br>    MEGHAN J. DEPIN<br>    Debtor | Case No. 19-11103<br>Chp. 13 |
| BEACON ABA SERVICES, INC.,<br>    Plaintiff<br>v.<br>MEGHAN J. DEPIN<br>    Defendant | Adv. Pro. No. 19- |

## COMPLAINT TO DETERMINE DISCHARGEABILITY

Pursuant to Section 523(c) of Title 11 of the United States Code, Plaintiff, Beacon ABA Services, Inc. brings this Complaint to Determine Dischargeability against Meghan J. Depin, and alleges as follows:

### Jurisdiction and Venue

1. Jurisdiction and venue lie pursuant to 28 U.S.C. §§157, 1334, 1408, and 1409.

2. This adversary proceeding is a core proceeding under, inter alia, 28 U.S.C. §157(b)(2)(I). Because this is a core proceeding, the Bankruptcy Court has jurisdiction and authority under 28 U.S.C. §157(b) to hear and determine the issues raised herein.

3. Debtor/Defendant, Meghan J. Deepen is a Chapter 13 debtor in the above-captioned case in the United States Bankruptcy Court, Eastern District of Massachusetts.

4. This adversary proceeding seeks to have the obligations of Debtor to Beacon ABA Services, Inc. excepted from discharge pursuant to Section 523(a)(8) of Title 11 of the United States Code ("the Bankruptcy Code") for the reasons more fully set forth below.

5. The Plaintiff, Beacon ABA Services, Inc. ("Beacon ABA") is a Massachusetts corporation with a usual place of business in Milford, Massachusetts.

6.The Defendants reside at 22 Albany Street, Somerset, MA.

7.A voluntary Chapter 13 petition was filed by the Defendants on April 2, 2019.

### Allegations Applicable to All Claims

8.The Defendant, Meghan Depin applied for an employment position with the Plaintiff as a Associate Behavior Therapist in 2015.

9.The Plaintiff hired the Debtor/Defendant, Meghan Depin as a Behavior Therapist in 2015.

10.As part of her employment as a Behavioral Therapist, the Debtor/Defendant, Meghan Depin was given the ability to pursue a master's degree wherein the Plaintiff would conditionally pay the tuition and costs.

11.The Defendant/Debtor decided to pursue a master's degree through funds paid by the Plaintiff to the qualified university.

12.In furtherance of obtaining a master's degree, the Defendant/Debtor executed an agreement with the Plaintiff titled Conditions of Graduate Training Support Agreement for each semester that she was extended an educational benefit.

13.As part of the Conditions of Graduate Training Support Agreement, the Defendant/Debtor also executed a Promissory Note for each semester.

14.The Promissory Notes would be forgiven if all of the terms and conditions of the Promissory Note and Conditions of Graduate Training and Support Agreement were fulfilled by the Defendant/Debtor in accordance with their terms.

15.The Plaintiff agreed as part of its graduate support training program that if the Defendant obtained a Master's Degree in Education by September, 2017 and timely fulfilled all of the other obligations of the graduate support training program as set forth in the Promissory Note and timely fulfilled all of the Conditions of Graduate Training Support Agreement, the Plaintiff would forgive the Promissory Notes executed by the Defendant/Debtor for the amounts that it paid for the classes necessary for the Defendant/Debtor to obtain the Master's Degree from an accredited university.

16.As part of the graduate support training program, the Defendant/Debtor was required to fulfill additional obligations, including but without limitation to passing the BCBA examination

by March, 2018, obtaining a BCBA certification by March, 2018 and obtaining a master's degree by September, 2017.

17.     If the Defendant/Debtor fulfilled all of the conditions that she agreed to with the Plaintiff that are set forth in the Conditions of Graduate Training Support Agreement and the Promissory Note as well as remained employed as a Behavioral Therapist until March 1, 2017, the Plaintiff agreed to forgive the Promissory Notes.

18.     The Defendant/Debtor failed to fulfill all of the terms and conditions of the Conditions of Graduate Training Support Agreement by, among other things, failing to obtain a Master's Degree, obtaining passing test results for the BCBA by March 2018 and failing to obtain a BCBA certificate by March, 2018.

19.     The Plaintiff made demand on the Defendant/Debtor for payment of the amounts due under the Promissory Note due to her failure to fulfill the terms and conditions of the educational benefit as set forth in the Promissory Note and Conditions of Graduate Training Support Agreement.

20.     The Defendant/Debtor is indebted to the Plaintiff in the amount of $9,944.61.

## COUNT I
## EDUCATIONAL BENEFIT, 11 U.S.C., §523(a)(8)(A)(ii)

21.     Plaintiff hereby incorporates, reasserts, and reavers all preceding allegations as if specifically set forth herein.

22.     The Plaintiff hired the Debtor/Defendant, Meghan Depin as a Behavior Therapist in 2015.

23.     As part of her employment as a Behavioral Therapist, the Debtor/Defendant, Meghan Depin was given the ability to pursue a master's degree wherein the Plaintiff would conditionally pay the tuition and costs.

24.     The Defendant/Debtor decided to pursue a master's degree through funds paid by the Plaintiff to the qualified university.

25.     In furtherance of obtaining a master's degree, the Defendant/Debtor executed an agreement with the Plaintiff titled Conditions of Graduate Training Support Agreement for each semester that she was extended an educational benefit.

26. As part of the Conditions of Graduate Training Support Agreement, the Defendant/Debtor also executed a Promissory Note for each semester.

27. The Promissory Notes would be forgiven if all of the terms and conditions of the Promissory Note and Conditions of Graduate Training and Support Agreement were fulfilled by the Defendant/Debtor in accordance with their terms.

28. The Plaintiff agreed as part of its graduate support training program that if the Defendant obtained a Master's Degree in Education by September, 2017 and timely fulfilled all of the other obligations of the graduate support training program as set forth in the Promissory Note and timely fulfilled all of the Conditions of Graduate Training Support Agreement, the Plaintiff would forgive the Promissory Notes executed by the Defendant/Debtor for the amounts that it paid for the classes necessary for the Defendant/Debtor to obtain the Master's Degree from an accredited university.

29. As part of the graduate support training program, the Defendant/Debtor was required to fulfill additional obligations, including but without limitation to passing the BCBA examination by March, 2018, obtaining a BCBA certification by March, 2018 and obtaining a master's degree by September, 2017.

30. If the Defendant/Debtor fulfilled all of the conditions that she agreed to with the Plaintiff that are set forth in the Conditions of Graduate Training Support Agreement and the Promissory Note as well as remained employed as a Behavioral Therapist until March 1, 2017, the Plaintiff agreed to forgive the Promissory Notes.

31. In view of the foregoing, pursuant to Section 523(a)(8)(A)(ii) of the Bankruptcy Code, Defendant/Debtor's debt to Plaintiff should be excepted from discharge.

32. The Defendant/Debtor is indebted to the Plaintiff in the amount of $9,944.61.

### COUNT II
### EDUCATIONAL BENEFIT
### 11 U.S.C., §523(a)(8)(B)

33. Plaintiff hereby incorporates all preceding paragraphs as if specifically set forth herein.

34. The Plaintiff hired the Debtor/Defendant, Meghan Depin as a Behavior Therapist in 2015.

35. As part of her employment as a Behavioral Therapist, the Debtor/Defendant, Meghan Depin was given the ability to pursue a master's degree wherein the Plaintiff would conditionally pay the tuition and costs.

36. The Defendant/Debtor decided to pursue a master's degree through funds paid by the Plaintiff to the qualified university.

37. In furtherance of obtaining a master's degree, the Defendant/Debtor executed an agreement with the Plaintiff titled Conditions of Graduate Training Support Agreement for each semester that she was extended an educational benefit.

38. As part of the Conditions of Graduate Training Support Agreement, the Defendant/Debtor also executed a Promissory Note for each semester.

39. The Promissory Notes would be forgiven if all of the terms and conditions of the Promissory Note and Conditions of Graduate Training and Support Agreement were fulfilled by the Defendant/Debtor in accordance with their terms.

40. The Plaintiff agreed as part of its graduate support training program that if the Defendant obtained a Master's Degree in Education by September, 2017 and timely fulfilled all of the other obligations of the graduate support training program as set forth in the Promissory Note and timely fulfilled all of the Conditions of Graduate Training Support Agreement, the Plaintiff would forgive the Promissory Notes executed by the Defendant/Debtor for the amounts that it paid for the classes necessary for the Defendant/Debtor to obtain the Master's Degree from an accredited university.

41. As part of the graduate support training program, the Defendant/Debtor was required to fulfill additional obligations, including but without limitation to passing the BCBA examination by March, 2018, obtaining a BCBA certification by March, 2018 and obtaining a master's degree by September, 2017.

42. If the Defendant/Debtor fulfilled all of the conditions that she agreed to with the Plaintiff that are set forth in the Conditions of Graduate Training Support Agreement and the Promissory Note as well as remained employed as a Behavioral Therapist until March 1, 2017, the Plaintiff agreed to forgive the Promissory Notes.

43. The Defendant/Debtor is indebted to the Plaintiff in the amount of $9,944.61.

44.     In view of the foregoing, pursuant to Section 523(a)(8)(B) of the Bankruptcy Code, Defendant/Debtor's debt to Plaintiff should be excepted from discharge.

WHEREFORE, as a result of the foregoing, Plaintiff respectfully requests entry of Judgment on behalf of Beacon ABA Services, Inc. enter declaring that:

(i) Debtor is indebted to Plaintiff in the amount of $9,944.61;
(ii) Debtors debts to the Plaintiffs shall not be discharged pursuant to Section 523(a)(8)(A)(ii) and/or 8(b); and
(iii)    costs.

The Plaintiff/Creditor
BEACON ABA SERVICES, INC.

By its attorney


*/s/ Carlo Cellai*                                Dated:    June 12, 2019
Carlo Cellai, Esq. BBO No. 558651
**CELLAI LAW OFFICES, P.C.**
150 Grossman Drive, Suite 201
Braintree, Massachusetts 02184
(617) 367-2199
Carlo@CellaiLaw.com